UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Jeffrey Wayne Plaisted
asf Jeffrey Development Inc.
dba Jeffrey Development Inc.

Chapter 13
Case No. 18-33465 WJF

Debtors.

---

NOTICE OF HEARING, OBJECTION TO CONFIRMATION OF PLAN

---

TO:    Jeffrey W. Plaisted and Vicki Plaisted, and other entities specified in Local Rule 3015-3.

Secured creditor MTGLQ Investors, L.P. as serviced by New Penn Financial LLC dba Shellpoint Mortgage Servicing ("Shellpoint") hereby gives notice of a hearing, and objects to the confirmation of the plan proposed by the debtors.

1.     The objection to confirmation of the plan will be heard at the confirmation hearing on the Debtor's Chapter 13 Plan scheduled at 10:30 am on December 27, 2018, in Courtroom 2B, 316 North Robert Street, St. Paul, MN 55101 or as soon thereafter as counsel can be heard.

2.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rules of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding.  The petition commencing this Chapter 13 case was filed on November 6, 2018.  The case is now pending in this court.

3.     This objection arises under 11 U.S.C. §§ 1322, 1324, and 1325 and Federal Rules of Bankruptcy Procedure 1017(d), 3015(f), 9014 and Local Rules 3015-

-1-

3, 3020-1, and 3020-3. Shellpoint requests denial of confirmation of Debtor's Chapter 13 Plan.

4.  The Debtor commenced a Chapter 13 proceeding on November 6, 2018 as Case No. 18-33465. At the time of filing, Debtor owed a delinquency to Shellpoint in the amount of $421,968.17.

5.  Shellpoint is the assignee of a first mortgage interest in the Debtor's homestead located at: 2505 Lake Avenue, White Bear Lake, MN 55110, and legally described as:

> Parcel 1 (Abstract). That part of the South half of Section 12, Township 30, Range 22, described as Commencing on the South line of Stillwater Street in White Bear Beach where the same is intersected by the center line of Central Avenue, as the same existed before its vacation; thence Southeasterly along the center line of Central Avenue in a straight line to the Northwesterly line of the boulevard, now known as Trunk Highway 96; thence Southwesterly along said Northwesterly line of said Boulevard, a distance of 210 feet thence in a northerly direction to a point on the South line of Stillwater Street a distance of 220 feet West of the point where Stillwater Street intersects with the center line of Central Avenue, as the same existed before its vacation; thence easterly along South line of Stillwater Street to point of beginning, AND
>
> Parcel 2 (Torrens). That part of the South half of Section 12, Township 30, Range 22, bounded as follows: on the North by the South line of street marked "Boulevard" on the plat of White Bear Beach; on the South by the North line of Registered Land Survey No. 67; on the West by the West line of Tract P of Registered Land Survey No. 67 extended Northerly to the South line of said Boulevard; and on the East by the East line of Tract P of said Land Survey extended Northerly to the South line of said Boulevard, AND
>
> Parcel 3 (Torrens). Tract P, Registered Land Survey No. 67

6.  The mortgage is dated March 15, 2007, and was filed for record as recorded in the office of the Ramsey County Recorder March 8, 2011, as document no. 4270543 and also filed in the office of the registrar of titles June 25, 2007 as document no. 2008900 on certificate of title no. 530876 in the original amount of $417,000.00. (Exhibit A). The mortgage matures in April 2027

7. The plan is objected to on the basis that the Debtors were delinquent on pre-petition arrears in the amount of $421,968.17. Currently, the plan provides for payment in Part 10 of the plan. Therefore, the plan does not comply with the provisions of Chapter 13 of the Bankruptcy code as contemplated by 11 U.S.C §1325(a)(1) and (6).

8. The plan does not comply with the provisions of the Bankruptcy Code as required by 11 U.S.C. section 1325(a)(1) because it lists Shellpoint's secured claim in Part 10. This is a violation of Section 1322(b)(2).

WHEREFORE, Shellpoint respectfully requests that the Court deny confirmation of the Plan, and such other and further relief as may be just and equitable.

Dated: December 20, 2018

                        USSET, WEINGARDEN & LIEBO, P.L.L.P.

                        By: /E/ Kevin T. Dobie
                        Kevin T. Dobie #388322
                        4500 Park Glen Road, #300
                        Minneapolis, MN  55416
                        (952) 925-6888
                        kevin@uwllaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Jeffrey Wayne Plaisted
asf Jeffrey Development Inc.
dba Jeffrey Development Inc.

                                                 Chapter 13
                                       Case No. 18-33465 WJF

Debtors.

---

## VERIFICATION

---

_Kimberly Rusinek_ being first duly sworn on oath, deposes and states:

1. That he/she is an employee of Shellpoint Mortgage Servicing as servicer for MTGLQ Investors, L.P.

2. That he/she has reviewed the foregoing Objection to Confirmation of the Debtor's Plan and it is true and correct according the best of his/her knowledge, information and belief.

Date: 12/20/18                                        By: _Kimberly Rusinek_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Jeffrey Wayne Plaisted
asf Jeffrey Development Inc.
dba Jeffrey Development Inc.

Chapter 13
Case No. 18-33465 WJF

Debtors.

---

MEMORANDUM OF LAW

---

**FACTS**

The facts in this matter are as detailed in the objection which are incorporated herein by reference. MTGLQ Investors, L.P. as serviced by New Penn Financial LLC dba Shellpoint Mortgage Servicing ("Shellpoint") is a secured creditor of the debtor's and holds a perfected first mortgage on the debtor's principal residence. The pre-petition arrearage owed to Shellpoint is in the amount of $421,968.17. The Debtor has not made appropriate provisions in the plan to cure the pre-petition arrearage. Shellpoint submits this Memorandum of Law in Support of its Objection to Confirmation of Plan.

**ARGUMENT**

### I. The Debtor's Plan Should Not Be Confirmed Because It Impermissibly Modifies Shellpoint's Secured Claim.

By including Shellpoint's claim in Part 10 of the Plan, the debtor is attempting to modify a secured claim on the debtor's principal residence. Section 1322(b) of the Bankruptcy Code provides as follows:

> Subject to subsections (a) and (c) of this section, the plan may— . . .
> 2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ;
> 5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

11 U.S.C. § 1322(b)(2) and 1322(b)(5). Section 1325(a) provides,

> Except as provided in subsection (b), the court shall confirm a plan if—
> ...The plan complies with the provisions of this chapter and with the other applicable provisions of this title; ...

11 U.S.C. § 1325(a).   Shellpoint is a secured creditor of debtor's whose claim is secured only by the debtor's principal residence. The pre-petition arrears owed to Shellpoint is in the amount of $421,968.17. The Plan does not cure the prepetition delinquency owed to Shellpoint.  The mortgage matures in 2027. Shellpoint should be included in Part 7 for home mortgages in default with arrears in the amount of $421,968.17 because the amounts secured by the lien and the duration of the lien may not be modified by the debtor's plan.

Because the debtor's plan does not cure the prepetition delinquency within a reasonable time, the plan does not comply with Section 1322(b)(5). Therefore, the Plan should not be confirmed.

**CONCLUSION**

Shellpoint respectfully requests that the Court deny confirmation.

Dated: December 20, 2018

USSET, WEINGARDEN & LIEBO, P.L.L.P.

By: /E/ Kevin T. Dobie
Kevin T. Dobie #388322
4500 Park Glen Road, #300
Minneapolis, MN  55416
(952) 925-6888
kevin@uwllaw.com

-7-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Jeffrey Wayne Plaisted
asf Jeffrey Development Inc.
dba Jeffrey Development Inc.

Chapter 13
Case No. 18-33465

Debtors.

---

UNSWORN DECLARATION FOR PROOF OF SERVICE

---

I, Maria L. Aligah, employed on this date by USSET, WEINGARDEN & LIEBO P.L.L.P., attorney(s) licensed to practice law in this court, with office address of 4500 Park Glen Road, Suite 300, Minneapolis, Minnesota 55416, upon penalty of perjury, declares that on December 20, 2018, I served the annexed Notice of Hearing, Objection to Confirmation of Plan, upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Jeffrey W. Plaisted
2505 Lake Avenue
White Bear Lake, MN 55110

Vicki Plaisted
2505 Lake Avenue
White Bear Lake, MN 55110

**Certified Mail:**

MERS
Attn: Bill Beckmann
1818 Library Street Suite 300
Reston, VA 20190

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

-8-

Office of the United States Trustee

Gregory A. Burrell, Chapter 13 Trustee

Tim Theisen, Esq.

                                                    /s/Maria L. Aligah
                                                    Maria L. Aligah

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Jeffrey Wayne Plaisted
asf Jeffrey Development Inc.
dba Jeffrey Development Inc.

Chapter 13
Case No. 18-33465

Debtors.

ORDER

The above entitled matter came for hearing upon the motion of MTGLQ Investors, L.P. as serviced by New Penn Financial LLC dba Shellpoint Mortgage Servicing pursuant to 11 U.S.C. section 1322 on December 27, 2018, at the U.S. Bankruptcy Court, St. Paul, Minnesota. Appearances were as noted in the record. Based upon the evidence adduced at said hearing, the arguments of counsel, and the court being fully advised of the premises,

IT IS ORDERED:

Confirmation of the debtor's chapter 13 plan is denied.

Dated:_____

_____
United States Bankruptcy Judge

-9-